UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **RICHARD SPEARS**, Defendant. | 4:15-CR-20734-TGB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE** |

## INTRODUCTION

This matter is before the Court on Defendant Richard Lee Spears' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate Sentence, ECF No. 32, PageID.124. Mr. Spears claims that his defense counsel was ineffective because he failed to investigate or assert a psychological defense, rendering his Rule 11 Plea Agreement unknowing and involuntary because he was not aware of his right to investigate such a defense. *Id.* at PageID.130. Mr. Spears also claims the Court failed to advise him of his right to investigate a psychological defense and undergo a psychiatric evaluation. *Id.* at PageID.128. The Government opposes this motion. Gov't's Resp., ECF

1

No. 42, Page ID.202. Finally, Mr. Spears requests the appointment of counsel. Pet'r's Reply, ECF No. 45, Page ID.233.[1]

For the reasons set forth below, the Court **DENIES** Petitioner's § 2255 motion and **DENIES** his request for the appointment of counsel.

## BACKGROUND

Petitioner Richard Lee Spears was charged with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Plea Agreement, ECF No. 27, PageID.70. The charge stemmed from a search warrant in which officers discovered two stolen handguns in Mr. Spears' possession. *Id.* at PageID.71. On April 21, 2016, Mr. Spears pled guilty to the § 922(j) count. Notably, Mr. Spears had an extensive criminal history involving weapons, violent assaults, and narcotic trafficking and was eligible, if he had been convicted under § 922(g), for a mandatory 15-year sentence under the Armed Career Criminal Act ("ACCA"). Sentencing Tr., ECF No. 41, PageID.194. Spears' counsel negotiated a plea agreement with the Government which avoided the imposition of this mandatory sentence, however, by persuading the Government to accept a nine-year sentence agreement to a lesser charge. ECF No. 27, PageID.73.

On September 29, 2016, the Court sentenced Mr. Spears to nine years in prison consistent with his plea agreement. ECF No. 41,

---

[1] Spears also moved to produce the transcripts of his plea hearing and sentencing hearing. ECF No. 33. These transcripts were produced and docketed on the record. *See* ECF Nos. 40-41. Therefore, this motion is **GRANTED.**

PageID.196; ECF No. 31. On September 6, 2017, Mr. Spears filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that his trial counsel was ineffective for failing to investigate a psychological defense. ECF No. 32, PageID.127. Mr. Spears also renewed his request for the appointment of counsel. ECF No. 45, PageID.235.

## STANDARD OF REVIEW

Under § 2255(a), "[a] prisoner in custody under sentence of a court…may move the court which imposed the sentence to vacate, set aside or correct the sentence." Specifically, a prisoner may allege that the court's sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id*.

To prevail upon a § 2555 motion, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

## ANALYSIS

A.  **Ineffective Assistance of Counsel**

Mr. Spears claims that his trial counsel was ineffective because counsel failed to investigate a psychological defense or attempt to request

3

a psychological evaluation. ECF No. 32, PageID.127. Further, Mr. Spears alleges that he did not knowingly or voluntarily accept his plea agreement. *Id.* at PageID.130. These arguments are unavailing.

To prevail on a claim of ineffective assistance of counsel, Mr. Spears must show that (1) his defense counsel's performance was so deficient that such performance failed to adhere to Sixth Amendment standards, and (2) he suffered prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The proper measure of attorney performance is simply "reasonableness under prevailing professional norms." *Id.* at 688. Namely, Mr. Spears must show that his counsel's deficiency is "sufficient to undermine confidence in the outcome." *Id.*

Here, Mr. Spears fails to show that his defense counsel's performance was deficient. Specifically, while counsel had a duty to make reasonable investigations regarding potential defenses, a reviewing court must apply a "heavy measure of deference to counsel's judgments." *Id.* at 691. For example, in *Knowles v. Mirzayance*, 556 U.S. 111, 114, 129 S. Ct. 1411, 1414, 173 L. Ed. 2d 251 (2009), the petitioner claimed ineffective assistance of counsel because his attorney recommended withdrawing his insanity defense. However, the Supreme Court found that it was not deficient performance for the defense counsel to abandon an insanity claim where that claim stood almost no chance of success. *Id.* at 123. Further, the Court has "never required defense

4

counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance of success." *Id.*

In this matter, counsel's performance in not investigating a psychological defense was not deficient because the record does not adequately support such a defense.[2] 18 U.S.C. § 17; *Sutton v. Bell*, 645 F.3d 752,755 (6th Cir. 2011) ("[C]ounsel cannot be ineffective for failure to raise an issue that lacks merit."). To make out such a defense, Mr. Spears would have to show by clear and convincing evidence that as a result of a "severe mental disease or defect, [he] was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. Here, the record available to counsel showed that Mr. Spears was sufficiently capable of answering DEA questions and communicating in a coherent manner. DEA Report, ECF No. 42-2, PageID.210-11. For example, Mr. Spears explained to DEA agents that he possessed the gun for purposes of self-defense following a prior threat. DEA Transcript, ECF No. 42-3, PageID.223-24. Mr. Spears appeared knowledgeable of his surroundings and showed no sign of irrational behavior that could possibly rise to a level of "severe mental disease or defect" as required by 18 U.S.C. § 17. That Mr. Spears' counsel chose not to pursue an insanity defense was not ineffective under these circumstances. *United States v.*

---

[2] Prior to the filing of the Plea and Sentencing Transcripts, the Government moved to waive attorney-client privilege for the purpose of interviewing Mr. Spears' trial counsel. *See* ECF No. 39. Because the information in the record is sufficient to establish the effective assistance of counsel, this Motion is **DENIED**.

*Perry*, 908 F.2d 56, 59-60 (6th Cir. 1990) (explaining that strategic and tactical choices regarding what issues to pursue are "properly left to the sound professional judgment of counsel").

Further, during his plea hearing, Mr. Spears testified under oath that he understood the importance of his plea and did not identify any specific concerns about his health or mental conditions which prevented him from going forward. ECF No. 40, PageID.164-65. Indeed, when asked specifically about whether he believed he had "any kind of mental illness problem or treatment for mental illness issues," Spears answered, "[n]o." *Id.* And when asked whether there was any mental condition that would prevent him from going forward with his plea, Spears stated "[y]eah, I can go forward and complete this." *Id.* "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). While the Presentence Report makes a general reference to Mr. Spears having some "mental health concerns" and that he received treatment during his previous incarceration, Presentence Report, ¶ 55, it further states that Mr. Spears did not follow up on treatment services and expressed uncertainty as to whether such services would be beneficial. *Id.*

Finally, Mr. Spears alleges that he unknowingly and involuntarily accepted the plea agreement because he was not aware that counsel could investigate a psychological defense. ECF No. 32, PageID.130. As

6

explained above, the record does not contain evidence from which a reasonable defense attorney would conclude that an insanity defense was viable. Consequently, whether or not Mr. Spears' counsel advised him of the existence of such a defense prior to his plea is immaterial: even if Spears had been advised of such a defense and asked his attorney to pursue it, his attorney would have been justified on this record in making the strategic decision not to pursue a defense which is not supportable or likely to succeed—and instead to advise his client to consider a plea agreement to a substantially reduced sentence.

Moreover, during the plea colloquy, the Court specifically examined Mr. Spears to determine whether he was of sound mind and able to make a knowing and voluntary decision about whether to plead guilty. The Court inquired into Mr. Spears' competency, giving him the opportunity at that time, if he had so desired, to raise the issue of his own sanity—but he did not do so.

Because Mr. Spears cannot establish deficient performance by his defense counsel, the *Strickland* analysis fails without "both showings" of deficient performance and prejudice. *Strickland*, 466 U.S. at 687. However, even under the second prong of *Strickland*, Mr. Spears fails to show "reasonable probability" that the result of his sentence would have been different if counsel investigated a psychological defense. *Id.* at 691. To show prejudice, Mr. Spears must establish a "reasonable probability" that the outcome of the proceedings would have been different but for the

7

counsel's alleged error. *Id.* at 669. Here, Mr. Spears's counsel successfully negotiated a plea agreement which avoided the potential of a 15-year mandatory minimum sentence under the ACCA. Arraignment and Plea Tr., ECF No. 40, PageID.160. Indeed, part of the calculus for defense counsel in considering whether to investigate an insanity defense on these facts was that if such a defense failed, as it was likely to, and Mr. Spears were to be convicted at trial, his sentence could have *exceeded* 15 years. Here, counsel's decision to negotiate an agreement providing for a six-year reduction in Mr. Spears' sentence and showed reasonable performance under professional defense counsel norms.

**B. The Court's Failure to Inform Petitioner About Psychological Defense**

Mr. Spears claims that the Court failed to advise him that he had the right to have counsel investigate a psychological defense. ECF No. 32, PageID.128. However, such a claim lacks merit.

First, the plain language of Fed. R. Crim. P. 11 does not obligate the *Court* to inform the defendant about possible defenses that may or may not be available. Instead, the Court is required to advise and question the defendant, ensure that a plea is voluntary, and determine the factual basis for a plea. Fed. R. Crim. P. 11(b). The Rule says nothing of the need to advise the defendant about defenses. *Id.* The Court must inform the defendant about his right to a jury trial, his right to be represented by counsel, his right to confront witnesses, to be protected

from compelled self-incrimination, the nature of each charge to which the defendant is pleading, the maximum penalty under the statute of conviction, and other similar requirements under Fed. R. Crim. P. 11(b)(1). Here, the Court addressed the defendant personally in open court and provided the required information under Fed. R. Crim. P. 11. ECF 40, Plea Tr., Page ID.155-176.

A plea agreement represents a voluntary and intelligent choice where the record reflects a "full understanding on the part of (the defendant) of the direct consequences of his plea." *Veach v. Parke*, 886 F.2d 1317 (6th Cir. 1989) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Here, there is nothing in the record that suggests the defendant did not understand the consequences of his plea. Indeed, Mr. Spears confirmed during the plea hearing that he fully understood the consequences of pleading guilty. ECF 40, Page ID.157.

**C.    Petitioner's Request for Counsel**

Because the Court denies Petitioner's § 2255 motion, his request for counsel is moot. Additionally, petitioners mounting collateral attacks upon their convictions do not have a constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Rather, the right to appointed counsel extends to the first appeal of right, and no further. *Id.*

Pursuant to 18 U.S.C.A. § 3006A(2)(B), the Court may appoint counsel for a financially eligible defendant where "the interests of justice

so require." Some of the factors courts should consider include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004).

Here, Mr. Spears' arguments concerning ineffective assistance of counsel and unknowing and involuntary acceptance of the plea agreement lack merit and are not viable. Namely, Mr. Spears fails to meet either prong of the *Strickland* test because his defense counsel acted reasonably in negotiating a favorable plea agreement and avoiding a lengthier sentence. *Strickland*, 466 U.S. at 687. Additionally, as aforementioned, Fed. R. Crim. P. 11 does not require the Court to inform Mr. Spears of the right to have counsel investigate a psychological defense.

Finally, the nature of Mr. Spears' claim is not so complex that he would be unable to adequately present his case. In fact, Mr. Spears has independently submitted his § 2255 motion and subsequent reply to the Government's response. ECF No. 32, PageID.124; ECF No. 45, PageID.233. He appears fully capable of presenting his own case. Further, the record shows that Mr. Spears articulately responded to questions from DEA agents and appeared fully capable of rational thought. ECF No. 42-2, PageID.210-11.

**D.     Certificate of Appealability**

Mr. Spears may not appeal the Court's decision unless the district judge issues a certificate of appealability pursuant to 28 U.S.C. § 2253, which applies only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Namely, a petitioner satisfies such a standard by showing that "jurists of reason could disagree with the district court's resolution of [the] case or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323, 123 S. Ct. 1029, 1032, 154 L. Ed. 2d 931 (2003). Here, a reasonable jurist would not disagree with the above resolutions of Mr. Spears' claims. Thus, the Court **DENIES** Mr. Spears a certificate of appealability.

## CONCLUSION

Based upon the foregoing, the Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 32) is **DENIED**. Petitioner cannot demonstrate deficient performance by defense counsel or that he suffered any prejudice. Additionally, Petitioner's motion for transcripts is **GRANTED** (ECF No. 33), as the transcripts have already been docketed, Petitioner's request for counsel is **DENIED** (ECF No. 34), and the Government's motion regarding the

11

waiver of attorney-client privilege is **DENIED** (ECF No. 39).

DATED: September 11, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge