UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No. 15-cr-20734

v.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

Richard L. Spears

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

                                                s/ Terrence G. Berg
                                                UNITED STATES DISTRICT JUDGE

Dated: November 17, 2020

ADDENDUM, CONTINUED FROM PAGE 3

As an initial matter, Mr. Spears has exhausted his administrative remedies within the Bureau of Prisons ("BOP"). *See* ECF No. 51, PageID.281; *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Because Mr. Spears' avenues for relief within the BOP have been exhausted, the Court must address three questions. First, whether extraordinary and compelling reasons warrant a reduction in sentence. Second, whether Mr. Spears poses a danger to the community. And third, whether a sentencing reduction is consistent with the 18 U.S.C. § 3553 factors. *United States v. Ammarah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

The Government acknowledges that Mr. Spears suffers from conditions that would constitute extraordinary and compelling reasons because he suffers from "obesity and chronic kidney disease," but notes that his most recent blood test for diagnosing diabetes measured levels consistent only with prediabetes. ECF No. 51, PageID.285. Moreover, the Government recognizes that Mr. Spears is being routinely treated for essential hypertension and is taking the appropriate medication for it. ECF No. 51, PageID.286. Although Mr. Spears' medical records show no record for treatment for COVID-19 symptoms, Mr. Spears avers that in April 2020 he experienced serious COVID-19 symptoms and has since recovered. ECF No. 51, PageID.288. As to the conditions at Mr. Spears' facility, as of October 27, 2020, FCI Milan has one confirmed COVID-19 cases among inmates and only one confirmed case among staff. Therefore, it appears that FCI Milan has, unlike some other BOP facilities, "conducted extensive testing, and the number of inmates and staff currently suffering from the virus is small." *United States v. Delisio*, --- F. Supp. 3d ---, 2020 WL 5098155, at *2 (W.D.N.Y. Aug. 24, 2020). Notwithstanding Mr. Spears' medical conditions and the conditions at FCI Milan, the Government argues that the Court should not release Mr. Spears because he remains a danger to the community. USSG § 1B1.13(2). Having carefully reviewed Mr. Spears' prior criminal history, the Court agrees.

Considering these issues together, the Court notes that Mr. Spears has a long history of contacts with the criminal justice system, including prior

violent felony convictions. At the time law enforcement officers confronted Mr. Spears for suspected drug trafficking, he was in possession of a stolen firearm. PSR ¶ 10. Prior to Mr. Spears' present incarceration, he was engaged in drug and gun trafficking. Incarceration may have had some deterrent effect on his criminal behavior, as there was a fifteen-year gap between his last two periods of incarceration. PSR ¶ 82. Nevertheless, he has a history of disregarding the conditions of his supervision. PSR ¶¶ 27, 28, 30, 31, 32, 33. Neither his prior custodial sentences nor being subject to parole were enough to deter Mr. Spears. It has not deterred him from committing this offense. The Court concludes that Mr. Spears' early release would likely pose a danger to the community.

Finally, consideration of the § 3553 factors also counsels against approving compassionate release. Mr. Spears' offense involved the possession of a stolen firearm in order to protect his drug trafficking enterprise, a serious offense. *See* PSR. His history includes several violent assaults, including against law enforcement officers. As to the just punishment for his offense, Mr. Spears' current sentence of 108 months is the result of a negotiated sentence agreement which avoided a mandatory minimum of 180 months. PSR ¶ 65. He has not served a substantial period of that negotiated sentence. While the Court takes into consideration Mr. Spears' rehabilitative efforts in reflecting on his goals for life after incarceration, it is also the case that he had not tangibly taken advantage of opportunities at FCI Milan to acquire employable skills. Such efforts alone are not sufficient reason to justify early release. Mr. Spears' history of engaging in serious and violent criminal conduct, even after numerous periods of incarceration, leads the Court to conclude that the goal of § 3553 is best served by denying his early release at this time.